IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SHALOM TENNENBAUM | * |
| Plaintiff, | * |
| v. | * Civil Action No. ADC-24-1201 |
| DAVID ALBERTO, *et al.* | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Defendant Great West Casualty Company ("Great West") moves this Court to dismiss Plaintiff Shalom Tennenbaum's (Plaintiff) Amended Complaint (ECF No. 20) pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] ECF No. 29-1. Plaintiff responded in opposition. ECF No. 30. After considering the Motion and the responses thereto (ECF Nos. 29-1, 30, 33), the Court finds that no hearing is necessary. Loc.R. 105.6 (D.Md. 2023). For the reasons stated herein, Defendant's Motion is GRANTED.

**Factual Background**

When reviewing a motion to dismiss, this Court accepts as true the facts alleged in the challenged complaint. *See Williams v. Kincaid*, 45 F.4th 759, 765–66 (4th Cir. 2022). Plaintiff is a resident of Baltimore, Maryland. ECF No. 20 at ¶ 1. Defendant David Alberto ("Mr. Alberto") is a resident of Lebanon, Tennessee, but regularly does business in Maryland through his company, Alberto Trucking, Inc ("Alberto Trucking"). *Id.* at ¶¶ 2–3. Great West is a corporation in the

---

[1] On April 30, 2024, this case was assigned to United States Magistrate Judge A. David Copperthite for all proceedings in accordance with Standing Order 2019-07. ECF No. 7. All parties voluntarily consented in accordance with 28 U.S.C. § 636(c). ECF No. 26.

business of selling insurance. *Id.* at ¶ 4. It is in good standing under the laws of Maryland and regularly conducts business in the State. *Id.*

On June 21, 2023, Plaintiff was summoned to a loading dock in Windsor Mill, Maryland, to assist with receiving a delivery from Alberto Trucking.[2] *Id.* at ¶ 5. Plaintiff has no experience in the trucking industry and was summoned solely to allow Alberto Trucking to access the property in question. *Id.* at ¶ 6. Once onsite, Plaintiff greeted Mr. Alberto and unlocked the loading dock door, enabling Mr. Alberto to complete the delivery. *Id.* at ¶ 7. Mr. Alberto then informed Plaintiff that his delivery truck's docking plate was not operating automatically. *Id.* Mr. Alberto explained that, to avoid a gap between the truck and the loading dock, the docking plate needed to be held in the "up" position while the truck was reversed into place, so that the plate could rest on the lip of the truck. *Id.* at ¶ 7. Mr. Alberto instructed Plaintiff to manually lift the plate and hold it above the height of the truck lip until the truck was safely in position and the plate could be safely lowered. *Id.* It was agreed that Mr. Alberto would slowly and safely back the truck to the loading dock while Plaintiff held the plate above its eventual resting position until the truck was in place. *Id.* at ¶ 8. Plaintiff alleges that, contrary to this plan, Mr. Alberto "either recklessly or accidently placed the truck into reverse and backed toward the loading dock at an excessive and highly dangerous speed, covering roughly three feet of distance in a split second[.]" *Id.* at ¶ 10. Plaintiff was struck by the truck and sustained hemorrhaging and multiple fractures in his arm. *Id.* at ¶ 13.

Plaintiff further alleges that at the date of the accident, Alberto Trucking maintained auto insurance coverage through Great West—policy #MCP60824C. *Id.* at ¶ 17. On August 4, 2023, Plaintiff made a personal injury protection claim to Great West, which Great West denied.

---

[2] The Complaint does not provide any details regarding who summoned Plaintiff or the nature of Plaintiff's employment.

2

**Procedural Background**

Plaintiff filed suit in the Circuit Court for Baltimore County, alleging negligence (Count I) and breach of contract (Count II). ECF No. 4. On April 24, 2024, the action was removed to this Court. ECF No. 1. On May 23, 2024, an amended complaint was filed, correcting the spelling of Plaintiff's last name. ECF No. 20. On July 1, 2024, Great West filed a Motion to Dismiss the Amended Complaint for Failure to State a Claim. ECF No. 29. Plaintiff responded in opposition on July 15, 2024, and Great West replied on July 26, 2024. ECF No. 33.

## DISCUSSION

**Standard of Review**

A Rule 12(b)(6) motion "tests the sufficiency of the claims pled in a complaint." *Nadendla v. WakeMed*, 24 F.4th 299, 304 (4th Cir. 2022) (quoting *ACA Fin. Guar. Corp. v. City of Buena Vista*, 917 F.3d 206, 211 (4th Cir. 2019)). Its purpose is not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). Rather, "[a] Rule 12(b)(6) motion constitutes an assertion by the defendant that, even if the facts alleged by the plaintiff are true, the complaint fails as a matter of law 'to state a claim upon which relief can be granted.'" *Gaines v. Baltimore Police Dep't*, No. ELH-21-1211, 2023 WL 2185779, at *7 (D.Md. 2023) (quoting Fed. R. Civ. P. 12(b)(6)).

Upon reviewing a motion to dismiss, the Court accepts "all well-pleaded allegations as true and construe[s] the facts in the light most favorable to the plaintiffs." *In re Willis Towers Watson plc Proxy Litig.*, 937 F.3d 297, 302 (4th Cir. 2019) (citations omitted). However, it does not accept as true legal conclusions couched as factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). The complaint must contain "sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Facial plausibility exists when Plaintiff "pleads factual content that allows the court to draw the reasonable inference that [Defendant] is liable for the misconduct alleged." *Id.* An inference of a "mere possibility of misconduct" is not sufficient to support a plausible claim. *Id.* at 679. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

**Analysis**

*Plaintiff's negligence claim (Count I)*

Great West first argues that Count I of the Complaint should be dismissed because Plaintiff cannot bring an action in negligence against Great West, a liability insurer, until the Court finds that Great West's insured is liable. ECF No. 29-1. Plaintiff responds that he did not file a claim for negligence against Great West, and that the negligence count only describes the actions of the truck driver and the trucking company. ECF No. 30. However, assuming *arguendo* that the Complaint *does* seek to bring a claim for negligence against Great West, Great West has correctly articulated the relevant principle. Under Maryland law, a "tort claimant may not maintain a direct action against the defendant tortfeasor's liability insurer until there has been a determination of the insured's liability in the tort action." *Howard v. Montgomery Mut. Ins. Co.*, 145 Md. App. 549, 562–63 (2002) (internal quotations omitted). *See also Harford Mut. Ins. Co. v. Woodfin Equities Corp.*, 344 Md. 399, 413 (1997); *Constructure Mgmt. v. Berkley Assur. Co.*, No. GLR-16-0284, 2017 WL 818717, at *7 (D.Md. Mar. 2, 2017). To the extent that Plaintiff seeks to hold Great West liable for negligence, Count I of the Amended Complaint is DISMISSED against Defendant Great West.

*Plaintiff's claim for breach of contract (Count II)*

In Count II, Plaintiff claims that, as an injured pedestrian, Insurance § 19-505 of the Maryland Code requires Great West to provide Plaintiff with coverage for medical, hospital, and disability benefits under the striking vehicle's policy. ECF No. 20 at ¶ 18. Plaintiff argues that he was an intended third-party beneficiary of the insurance contract in regards to the coverage under the personal injury protection portion of policy #MCP60824C.[3][4] *Id.* at ¶ 19. Great West argues that Plaintiff cannot recover personal injury benefits from Great West because the policy was neither issued, sold, or delivered in the State of Maryland. ECF No. 29-1.

Ins. § 19-505 states in part that "each insurer that issues, sells, or delivers a motor vehicle liability insurance policy *in the State* shall provide coverage for the medical, hospital, and disability benefits described in this section for…an individual who is injured in a motor vehicle accident that involves the insured motor vehicle…as a pedestrian[.]" (emphasis added). Here, "in the State" clearly refers to the State of Maryland. *See Berry v. Queen*, 469 Md. 674, 686–87 (2020) (holding that the Maryland Supreme Court assumes "that the legislature's intent is expressed in the statutory language" and that analysis begins "by first looking to the normal, plain meaning of the language of the statute."). Further, the Appellate Court of Maryland has held that a statutory predecessor of § 19-505 applied to "every motor vehicle liability insurance policy issued, sold or

---

[3] When Great West refiled its Motion to Dismiss on July 1, 2024, it failed to refile the exhibit containing policy #MCP60824B a second time. However, noting that the policy was previously filed as an exhibit in Great West's first Motion to Dismiss (ECF No. 14-2), the Court will exercise its discretion to review the policy as an exhibit to the July 1st Motion.

[4] The parties devote considerable briefing to the question of whether the policy can be reviewed without converting Great West's Motion to Dismiss into a Motion for Summary Judgement. *See* ECF Nos. 30 at 4–6, 33 at 3. Under Federal Rule of Civil Procedure 10(c), the Court "may also consider documents attached to the…motion to dismiss, so long as they are integral to the complaint and authentic." *Philips v. Pitt County Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Here, the policy is integral to the Amended Complaint and can be considered.

delivered *in Maryland*." *State Farm Mut. Auto. Ins. Co. v. Insurance Comm'r*, 283 Md. 663, 664 (1978) (emphasis added).

Here, Plaintiff's breach of contract is premised solely on the availability of personal injury protection benefits mandated by § 19-505. *See* ECF No. 20 at ¶¶ 17–22. However, nowhere in the Complaint does Plaintiff assert that the policy in question, #MCP60824C, was issued, sold, or delivered in the State of Maryland. *See* § 19-505; *see also* ECF No. 20. Further, the policy itself appears to have been delivered to the insured—Alberto's Trucking Inc.—in Lebanon, Tennessee, via an agent based in Waverly, Iowa. *See* ECF Nos. 14-2, 33. Plaintiff has failed to state a claim for breach of contract upon which relief can be granted. Great West's Motion to Dismiss Count II of the Amended Complaint in GRANTED.

## CONCLUSION

For the reasons set forth in this Memorandum Opinion, Defendant's Motion (ECF No. 29) is GRANTED. A separate Order will follow.

Date: 5 August 2024

A. David Copperthite
United States Magistrate Judge